SUMMONS ISSUED

CV-12 1023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
SHIMON GOTLIB on behalf of himself
and all others similarly situated

                       Plaintiff,

          -against-

ADMIN RECOVERY LLC

                  Defendant.

----------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 0 1 2012   ★

LONG ISLAND OFFICE

GLASSER, J.

GOLD, M.

## <u>CLASS ACTION COMPLAINT</u>

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Admin Recovery LLC, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, which was purchased by the defendant from Wells Fargo. The Plaintiff allegedly incurred a financial obligation to Wells Fargo (the "Creditor") for kitchen appliances. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5). The Debt was

purchased, by Admin for collection.

4.    Upon information and belief, defendant is a New York corporation with a
      principal place of business located in Clarence, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly
      owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### Jurisdiction and Venue

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28
      U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this
      district. Venue is also proper in this district since the defendant transacts business
      in this district and the collection letter was sent into this district.

### Allegations Particular to Shimon Gotlib

9.    On information and belief, on a date better known by defendant, defendant began
      attempting to collect an alleged consumer debt from the plaintiff.

10.   The Defendants attempted to collect the Debt and, as such, engaged in
      "communications" as defined in 15 U.S.C. § 1692a(2).

11.   Defendant left a message with a third party for Plaintiff on December 22, 2011
      stating Inter Alia: that it would repossess the appliances and that sheriff's deputies
      were on their way to his home to repossess the appliances.

12.   Defendant also left a message for Plaintiff that he would be arrested if

he failed to immediately pay the Debt, causing Plaintiff to feel terrified and bewildered and lost a sense of protection and security.

13. These threats caused Plaintiff to become distressed  Plaintiff has a rare condition of lung failure said messages caused plaintiff emotional distress.

14. ・ Admin's collectors used aggressive and hostile language when communicating with Plaintiff and his family in an effort to intimidate Plaintiff into making immediate payment of the Debt, including using a condescending and threatening tone.

15. Defendant left Plaintiff messages on the voice-mail saying Inter alia: "If we don't hear something back from you we will be coming to pick up the appliances... "Our driver is on the way to you, at your Malbone Street address." This caused a great amount of distress and humiliation for Plaintiff.

16. Defendant contacted Plaintiff's family members on many occasions in an attempt to collect the Debt.

17. At time of said contacts, Admin Recovery LLC, was aware of Plaintiff's location information.

18. Defendant disclosed the existence of the Debt to a third party on December 22, 2011, Defendant recovery spoke to David told him to give Plaintiff, Shimon the message that they are done waiting and unless he makes a payment they will come and pick up the appliances.

19. On January 12, 2012, Joe Debol called from Admin Recovery LLC, and spoke to a third party and asked to tell Shimon that the pickup was rescheduled and have Shimon call back right away at 716 635 8460, ext 260.

3

(A complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(holding that § 1692c(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed, because that reading would render § 1692b superfluous Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692b) Blair v. SHERMAN ACQUISITION, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are

4

not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'" from West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) Mathis v. OMNIUM WORLDWIDE,

Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter. "stated a claim under § 1692c (b) finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff. Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and 1692d Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998)

And finally the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION - Judge Karas in foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor. Defendants

5

argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id. (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" Id. "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." Id.This conclusion has been embraced by other courts as well in the context of applying § 1692c(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting defendant's argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692c(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific

6

information about a debt is explicitly conveyed could create a significant loophole in the
FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and
other provisions of the FDCPA that have a threshold "communication" requirement,
merely by not conveying specific information about the debt. In fact, under Defendant's
interpretation of "communication," a debt collector could call regularly after the thirty-
day validation notice is sent, and not be subject to § 1692e(11)'s requirement so long as
the message did not convey specific information about the debt. Such a reading is
inconsistent with 658*658 Congress's intent to protect consumers from "serious and
widespread" debt collection abuses.

Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York
2006 Krug v. Focus Receivables Mgmt., LLC, 2010 U.S. Dist. LEXIS 45850 (D.N.J.
May 11, 2010) (same)


> Holding that under § 1692c(b), a collector may not communicate with a third
> party "in connection with the collection of any debt" except to obtain
> location information as provided in § 1692b. To violate § 1692b. the third party
> communication need only be "in connection with the collection of a debt;" it
> need not expressly mention the debt or debt collection as "communication"
> includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2).
> Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001)
> quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642
> (W.D.N.C.1998).Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan.
> 2, 2002). FDCPA class action certified

Finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the defendant's efforts to collect on plaintiff's alleged arrearage. Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting  West v.  Nationwide Credit, Inc., 998 F.  Supp. 642 (W.D.N.C.1998)

Finding that the messages left by the defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under § 1692c(b) since it was not left for the purpose of obtaining location information which is the only communication with third parties permissible under the FDCPA) quoting ); West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call) Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824

The consumer adequately alleged that defendant contacted a third party in violation of § 1692c(b) since the defendant's inquiry went beyond

8

the boundaries of location information. A debt collector may not seek

additional information about a consumer, because such information is

beyond the scopeof location information.

Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029

(E.D.Pa.July 26, 2010)

A "communication" need not refer to the debt."

Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010).


(Finding that the telephone message at issue, which referenced an

"important" matter, contained information regarding a file number and

whom to contact, and was left for the purpose of collecting the debt,

indirectly conveyed information concerning the debt and, therefore,

met the statutory definition of a "communication"); Edwards v. Niagra Credit

Solutions, Inc., 586 F. Supp. 2d 1346,

1350-51 (N.D. Ga. 2008)

(Finding that the message was an indirect communication regarding the

plaintiff's debt where it conveyed pertinent information including the

fact that there was a matter he should attend to and instructions on

how to do so)

Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041

(N.D. Ill. 2008)


(finding that the messages left by the defendant constituted

"communications" even though they did not technically mention specific information about the debt)Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp.2d 1104, 1116 (C.D. Cal. 2005)

(finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call)

Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006)

The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692b

On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful. (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss). Shaver v. Trauner , 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998),

20.     On January 16, 2011 Plaintiff spoke to Joe Debol from Admin.

21.   .  Inter Alia in the conversation defendant's collector said we repossess merchandise

..... my office was hired by Wells Fargo... we are going to get a motion of restitution which will give us the authority to enforce the default judgment.... we ordered your credit report sent two letters which all this costs money and we will charge you collection costs...Wells Fargo uses our office....wells Fargo owns the debt .... it's to late to dispute it its way to late to dispute this....you can't dispute the debt it's not legal ......you won't get anywhere with the dispute because you did not send in a formal letter and you had to respond within one month of getting the letter to dispute.

22.  Said statements are false and harassing as defendant did not intend and it was unlawful at the time to repossess said merchandise.

23.  Defendant did not have a default judgment, did not obtain one and did not intend to obtain an order of restitution.

24.  Defendant cannot charge plaintiff collection costs.

25.  Defendant in its initial letter attached hereto stated in part: "The debt identified above was sold by Wells Fargo, all of your rights and obligations regarding this contract have been assigned to this office."

26.  However, in the January 16, 2011 communication, defendant's representative claimed that this was a debt still owned by Wells Fargo and that Wells Fargo uses Admin Recovery's offices and that Admin represented them.

27.  During the telephone conversation on January 16, 2011 with the defendant's representative Joe, the defendant attempted to dispute the debt.

28.  The defendant's representative refused to be presented with an oral dispute of the debt and said "it's too late to dispute it its way too late to dispute this" ...."you

11

can't dispute the debt it's not legal" ......you won't get anywhere with the dispute because you did not send in a formal letter and you had to respond with in one month of getting the letter to dispute a debt you cannot dispute this debt."

29.   During the said telephone conversation on or about January 16, 2011 with defendant's representative by the name Joe, the plaintiff attempted to dispute the debt.

30.   Joe told the Plaintiff he must dispute the debt in writing and cannot do it on the phone and there must be a valid reason and plaintiff only had 30 days to dispute the debt.

The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002); (Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111. May 23, 2002) (imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA); Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Frey v. Satter, Beyer & Spires, 1999 WL 301650 (N.D. Ill. May 3, 1999); DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001); Mejia v. Marauder Corporation, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute).The FDCPA allows the consumer to orally dispute a debt. Brady v. The Credit Recovery Company, Inc., 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting

12

constitutes an attempt to collect a debt. See, e.g.,

Rivera v. Bank One.  145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah1997).

31.  The said debt collection practices as communicated to the plaintiff over a telephone conversation are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g(3) and 1692f(5), 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt; 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

32.  ADMIN RECOVERY, LLC and its employees as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

33.  ADMIN RECOVERY, LLC and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason. ADMIN RECOVERY, LLC and its employees intentionally denied Shimon Gotlib his dispute rights given to him under the FDCPA.

34.  ADMIN RECOVERY, LLC and its employees wrongfully stated to Shimon Gotlib that he could not orally dispute the debt directly with ADMIN

RECOVERY, LLC.

35.  ADMIN RECOVERY, LLC and its employees wrongfully stated to Shimon Gotlib that he could only dispute a debt in writing with in the 30 day period.

36.  ADMIN RECOVERY, LLC and its employees wrongfully stated to Shimon Gotlib that he must have a reason to dispute a debt.

37.  ADMIN RECOVERY, LLC and its employees by intentionally denying Shimon Gotlib and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

38.  Each ADMIN RECOVERY, LLC employee who spoke with Shimon Gotlib intended to speak the words each employee stated to Shimon Gotlib.

39.  The acts and omissions of ADMIN RECOVERY, LLC and its employee done in connection with efforts to collect a debt from Shimon Gotlib were done intentionally and willfully.

40.  ADMIN RECOVERY, LLC and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the defendant purportedly in the validation notice.

41.  As an actual and proximate result of the acts and omissions of ADMIN RECOVERY, LLC and its employees, plaintiff s has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated at trial.

42.  Within the one year immediately preceding this action, the Defendant left pre-

recorded or pre-scripted messages on the Plaintiff's answering machine on numerous occasions including 12/01/2011 12/08/2011 12/12 2011 12/14/2011 12/28/2011 01/12/2011 the defendant left messages for plaintiff wherein the defendant failed to indicate that the message was a communication from a debt collector.

43. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

44. The said telephone message is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(10) and 1692e(11).

45. Plaintiff Suffered Actual Damages.

46. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment and deterioration of his already weak physical health.

47. The Defendant's conduct was so outrageous and disgraceful in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as frightful atrocious, and utterly intolerable in a civilized community.

48. On November 30, 2011, defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

49. Said letter stated: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of

receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification.

50.   Said language confuses the plaintiff concerning his right to dispute a portion of the debt in writing.

See Harvey v. United Adjusters, 509 F. Supp. 1218 (D. Or. 1981). The collector's verification notice violated the Act in that if it was sent, it did not state the right to dispute a portion of the debt and erroneously required any dispute to be in writing. Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004). The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.

Bailey v. TRW Receivables Mgmt. Servs., Inc., 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990). The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.

McCabe v. Crawford & Co., 272 F. Supp. 2d 736 (N.D. Ill. 2003). Failure to specify that any portion of the debt may be disputed also violated § 1692g(a).

Omitting the words "in writing" from the validation notice violated § 1692g(a). McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002).

A claim was stated where the collector's letter failed to inform the consumer that he may dispute "any portion" of the debt. Beasley v. Sessoms & Rogers, P.A., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010). The court found that the validation notice violated § 1692g(a)(4) by omitting the "in writing" requirement that she could dispute any portion of the debt.

51.  Said language is confusing as it does not clearly explain to the least sophisticated consumer that in order to obtain verification of the debt a dispute must be made in writing rather the language in the letter.

52.  The least sophisticated consumer would think that he or she need not dispute the debt or a portion of the debt in writing; rather the debtor would think that he must only notify the debt collector.

53.  Said language is confusing as it does not clearly explain to the least sophisticated consumer that in order to obtain verification of the debt, a dispute must be made in writing rather the language in the letter from Admin recovery can lead the least sophisticated consumer to think that he need not dispute the debt or a portion of the debt in writing.

54.  Said letter fails to set forth the proper 15 USC 1692g validation notice Section 1692g provides:§ 809. Validation of debts  [15 USC 1692g]

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;** (emphasis added) and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

18

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Shimon Gotlib on behalf of himself and the members of a class, as against the defendant.*

55.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-54 as if set forth fully in this Cause of Action.

56.     This cause of action is brought on behalf of plaintiff and the members of various classes.

57.     Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on a date better known to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(10) and 1692g.

58.     Class B second class exists for those consumers who spoke with a collector during the initial thirty day period where the consumer's rights were contradicted or abrogated in violation of 1692g and 1692e(10).

59.     Class C exists where the collector engaged in false threats and harassment in violation of 1692d and 1692e(5).

60.     Class D consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives failing to set forth that the message was from a debt collector similar to the messages for the plaintiff of 12/01/2011

12/08/2011, 12/12 2011, 12/14/2011, 12/28/2011 and 01/12/2011 (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

61.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)   The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

62.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are

generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

63. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

64. Collection letters and telephonic contacts, such as those sent and made by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer.

### *Violations of the Fair Debt Collection Practices Act*

65. The defendant's actions violate the Fair Debt Collection Practices Act

66. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k) and seek emotional distress damages on an individual basis;

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under

the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Intentional infliction of emotional distress*

67.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

68.   The acts, practices and conduct engaged in by the Defendants vis-a-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

69.   The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York

70.   All acts of Defendant and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

71.   Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiffs. Plaintiffs did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

72.   Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of New York.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

      (a)     Actual damages and costs.

      (b)     Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION

### *Violations of New York General Business Law § 349 brought by plaintiff*

73.    Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

74.    Under New York General Business Law § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

GBL § 349 provides in relevant part as follows:

A. Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

H. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section.

75. The court may award reasonable attorney's fees to a prevailing plaintiff.

76. Defendant's actions as detailed above, violate the New York General Business Law Section 349 et seq.

77. Defendant is a national debt collection company that collects debt from hundreds if not thousands of New York consumers each year. As such, the deceptive practices alleged herein have a broad impact on New York consumers at large.

78. The Defendant's actions violated the Plaintiff's rights and caused the Plaintiff damage in the form of invasion of the Plaintiff's privacy and acting unfairly and deceptively towards plaintiff, and falsely threatening reposition.

79. Defendant's actions have a broad impact on New York consumers at large.

80. As a direct and proximate result of Defendants' deceptive acts and practices, committed in willful and knowing violation of GBL §349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's deceptive collection practices.

81. Defendant is liable to Plaintiff for violations of GBL § 349

WHEREFORE, Plaintiff respectfully request that judgment be entered against the defendant for the following:

(a) An injunction as described herein;

(b) Actual damages;

(c) Statutory damages;

(d) Costs and reasonable attorney's fees;

(d) For such other and further relief as the Court may deem

just and proper.

Dated: Cedarhurst, New York
February 23, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

# ADMIN RECOVERY, LLC

9159 Main Street • Clarence, NY 14031
Telephone 1-866-703-7961 • Facsimile: 1-716-580-3823

November 30, 2011

Shimon Gotlib
462 Malbone St
Brooklyn NY 11225-3200

| Account Summary | | |
| --- | --- | --- |
| Original Creditor Wells Fargo | | |
| Account # | File # 246362 | Balance $4,243.66 |

Dear Shimon Gotlib:

This is a demand for payment of the original debt incurred by you. The debt identified above was sold by Wells Fargo, all of your rights and obligations regarding this contract have been assigned to this office.

Your past due contract is currently being reviewed. You may choose to resolve this matter with one of the following options: (1) You may pay the balance in full in the amount of $4,243.66 with certified funds or; (2) You may contact this office to make an acceptable payment arrangement.

You may contact this office toll free at 1-866-703-7961, Monday through Friday 8:00am – 8:00pm EST. Please refer to the file number indicated above.

Federal law requires we notify you this is an attempt to collect a debt and any information obtained will be used for that purpose.

All payments are to be remitted to: Admin Recovery LLC, 9159 Main Street, Clarence, NY 14031.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

Sincerely,

Angelo Marzullo
General Manager

## PAYMENT OPTIONS

### MoneyGram

www.moneygram.com
Our Company Receive Code: 6726
Account #: 246362

### Payments By Phone

Please Call 1-866-703-7961
Visa, MasterCard, American
Express & Discover
Debit Card
Check-By-Phone
(All Free of Charge)

### Payments By Mail

Visa, MasterCard, Discover,
& American Express
Check
Money Order
(You can use the return envelope
provided and the bottom portion of this
notice for your convenience.)

---

*** Please detach the lower portion and return with your payment ***    1430-SFADRE10-AN10-10/21/10

Y10C79E3B5

9159 Main St
Clarence NY 14031-1931
ADDRESS SERVICE REQUESTED

November 30, 2011

| IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW. | |
| --- | --- |
| VISA  DISCOVER | |
| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

Original Creditor: Wells Fargo
Account #.:
Balance:          $4,243.66

246362 - AN10 - 1430
Shimon Gotlib
462 Malbone St
Brooklyn NY 11225-3200

Admin Recovery, LLC
9159 Main St
Clarence NY 14031-1931